IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-19-1H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| JUAN TEJADA-REVULCABA, | ) |
| Defendant. | ) |

This matter is before the court on Defendant's Expedited Motion for Declaratory Relief or Alternatively Immigration Departure, [D.E. #76], and is ripe for adjudication.

Defendant first moves this court to reduce his sentence on the basis of his status as a deportable alien. In support of his request, Defendant cites United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), holding that a downward departure from the sentencing guidelines on the basis of a defendant's status as a deportable alien is permissible. Id. at 650. Unlike the defendant in Smith, Defendant here has already been sentenced, and final judgment was entered on October 9, 2014. Rule 35 of the Federal Rules of Criminal Procedure governs when this court may correct or reduce a sentence, and the court finds no grounds provided therein on which it may reduce Defendant's sentence as requested in the instant motion.

Second, Defendant moves this court for declaratory relief "so that the [Bureau of Prisons ("BOP")] can complete defendant's deportation proceedings prior to the completion of [his sentence]... pursuant to 8 U.S.C. § 1228(a)(3)(A) and BOP Policy Statement #5111.04." Defendant argues he has a statutory right to be housed at a hearing site because of his status as a deportable alien. While 8 U.S.C. § 1228(a) directs the Attorney General, to the maximum extent practicable, detain a deportable alien at a facility at which other such aliens are detained and provide for the initiation and, to the extent possible, the completion of removal proceedings before the alien's release from incarceration for the underlying qualifying offense, "[n]othing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1228(a)(1)-(3). Because 8 U.S.C. § 1228(a) does not confer any substantive or procedural rights to Defendant, the court concludes it does not disturb the ordinary discretion conferred to the BOP in 18 U.S.C. § 3621 related to placement of prisoners which is not subject to judicial review as provided in 18 U.S.C. § 3625. Therefore, this court is without jurisdiction to review Defendant's motion for declaratory relief under 8 U.S.C. § 1228(a)(3)(A).

2

Similarly, Defendant's allegation that the BOP has or may violate its own program statement is not a violation of federal law such that this court would have jurisdiction to review the claim. See Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th Cir. 2011). Program statements are "internal agency guidelines [that] may be altered by the [BOP] at will" and are not "subject to the rigors of the Administrative Procedures Act..." Id. at 1227 (citing Jacks v. Crabtree, 114 F.3d 983, 985 n.1 (9th Cir. 1997)). Therefore, this court is without jurisdiction to review Defendant's motion for declaratory relief under BOP Program Statement #5111.04.

For the foregoing reasons, Defendant's Expedited Motion for Declaratory Relief or Alternatively Immigration Departure, [D.E. #76], is hereby DENIED.

This 4th day of August, 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

3